May it please the court, my name is Wayne Young. I represent the appellant Leroy Green Jr. This is the tax fraud case. Mr. Green was a tax preparer. He was convicted of assisting taxpayers in filing fraudulent tax returns. Counsel, we've got a couple of cases, Solomon and Dorotich, if I remember correctly, that say that if the instruction on intent is correct and adequate, then there is no entitlement by the defendant to an additional good faith instruction. And why doesn't that control? Because the instructions on specific intent were not adequate here. You either have to instruct on good faith or instruct on specific intent. In this case, the court did neither. If you look at the instructions, nowhere in the instructions in this case do the words specific intent ever appear. Specific intent is never any help to a jury. It's got to be telling the jury just what specific intent is needed. Let's see. I'm trying to get in front of me right now. But what excerpt page should I look at? The jury instructions are at ER, I think it's 70. I see it at 101. It says if it was untrue at the time that a claim is false or fictitious or fraudulent, if it was untrue at the time it was made and was known to be untrue by the person making it. The claim is fraudulent if the defendant intended to defraud the United States. And then it says this element is not necessary to prove that the claim was either false or fictitious. In other words, it could be false or fictitious or fraudulent. And for false or fictitious, it needs to be known to be untrue. That's the specific intent. And for fraudulent, it also needs to have an intent to defraud. So why isn't that very specific about the specific intent? If you look at Dorotich, which is the case Judge Kleinfeld cited, the words specific intent occur at least two times. That's because it was a different statute and it had different elements. But as to what the specific intent was under this statute, they told you. Well, I don't agree with that, Your Honor. To me, that's confusing. One, it's confusing because it has that intent element. And it says right in there, intent is not necessary to prove the claim was false. So on that element alone, it's confusing. And if you look at the knowledge instruction, it states specifically, the instruction that was given, that the government is not required to prove the defendant knew his acts were unlawful. Is that true? That's not true. If you look at the commentary, that's instruction 5.6 of the model instructions. If you look at the commentary, it specifically states that language should not be given in a case in which knowledge is at issue. So the wrong instruction was given. I'm confused. Knowledge is an element, but not knowledge of unlawfulness, knowledge of untruth. The knowledge instruction, which is 5.6 of the model instructions. It doesn't really matter what the instruction says. The knowledge that the returns that he was helping to prepare were fraudulent and that what he was doing, he was doing it with intent to defraud the government. He had to know that, that it was wrong, and he... So you're basically arguing that it's not, and you didn't present it this way in the brief, but your argument is that the statute is not satisfied if he has proven that it was false and that he knew it to be false. That's not good enough. I think that that part of the instruction was correct. But you take instructions as a whole, which you must, they're confusing. I can't follow why they're confusing. Let me explain why. The statute says, knowing such claim to be false, fictitious or fraudulent. The instruction says, must prove beyond a reasonable doubt that the claim was false or fictitious or fraudulent. And it says for fictitious or fraudulent, the defendant has to know that it's untrue. And for fraudulent, he has to intend to defraud the United States. Now, what you wanted was a good faith instruction. But I can't figure out how the claim could be in good faith under the terms of the statute, if the defendant knew when he made the claim that it was false or fictitious, or if he intended by the claim to defraud the United States. So if that's right, then it means that the requested instruction will be superfluous. The problem arises, Your Honor, is that the jury was instructed that the government is not required to prove the defendant knew his acts were unlawful. That was he. So where is there a statutory requirement that he know his acts are unlawful? The knowledge has to be an element of what is knowing such. The statute says that the knowledge element is knowing such claim to be false, fictitious or fraudulent. It doesn't say that the knowledge element is knowing that it's against the law to file a false, fictitious or fraudulent claim. Well, I guess the juror looking at these instructions would find them hopelessly confusing to be told that the government wasn't required to prove that the defendant knew his acts were unlawful. It's not an instruction given all the time. But the commentary specifically states that that sentence. But that commentary is not the law. I mean, I don't know what it states. I haven't looked at it. But whatever it is, it isn't the law. Even the commentary, what the commentary says is that that instruction shouldn't be given when knowledge is required. And knowledge is required here. He had to know what he was doing was wrong. And so the commentary states that the government that sentence shouldn't be given. But it was that the government wasn't required to prove what he knew that he knew what he was doing was unlawful. Well, you see, that's such a different thing. It's a rare case in very specialized statutes where it's a defense to say that the government has failed to prove that I knew I was breaking the law. Usually, the government just has to prove, well, I knew that I was submitting a false return. I knew the figures were wrong. And the government doesn't have to go one step further and say, furthermore, I knew that submitting a return with the figures on it are wrong, violates some criminal law. They usually don't have to make that extra step. Well, Mr. Green's defense here was that he didn't know what he was doing was wrong. He didn't know that the returns were fraudulent. But that he can argue that defense and point to the court's instruction. You say, I thought those were accurate figures. And the court will tell you that I had to know that they were false, and I didn't know they were false. And, therefore, you shouldn't convict me. But the jury was still told that the government wasn't required to prove knowledge and wasn't required to prove intent. The conduct was unlawful. They were required to prove knowledge, but the figures on those returns were fictional. Our position is, I mean, to me, that's a distinction without a difference. I don't see the big difference. I'm just going to change the subject for a minute, which is you got a remand during this short period of time between the two Ammaline cases and before Booker. And then when you got back, it was right after Booker. And you had a post-Booker determination, but with no opportunity to file briefs, which Ammaline would require. Do you want another remand now to go back under Ammaline? Yes, Your Honor. Mr. Green has completed his sentence, but he still has supervised release, which is still in effect for several more years, and he still has restitution orders. What do you want another remand for? The judge, I thought, made it perfectly clear that whether the guidelines were mandatory or advisory, he thought the sentence was the right sentence. Well, Ammaline requires that at least you have the opportunity to be heard in a remand. He was. No, he was not, Your Honor. At the remand, there was nothing. There was no notice. There was no hearing. There was no counsel, no opportunity to be heard. What happened was it was remanded, and Judge Reel— You want to brief the judge as opposed to just having the judge decide whether he would have done the same thing anyway. Exactly, and that's also why we asked for— I don't remember that we said that in Ammaline. Well, it says at the resentencing, if that's the word, an Ammaline proceeding, you have at minimum an opportunity to be heard. That's if there was a resentencing. No, I don't agree with that. If you get sent back from this court under Ammaline to the district court, at minimum the court should consult the views of counsel. You may not get a sentencing in which you're present, but you have to at least, in my understanding, have a chance to argue for a reduction under Booker that even if the guidelines were correctly applied, you have an opportunity to— And, for example, there might be other evidence that you didn't put on because it wasn't pertinent under the guidelines, but it might be pertinent otherwise. Correct. And you had no chance to do that? No chance. In the absence of any other questions, I'll submit. Thank you, counsel. Thank you. Can you start by telling us whether the government agrees with that last position? Pardon me? Whether the government agrees with the last position, i.e. that there has to be— We don't believe a remand is necessary. I probably should just say I'm Richard Stack. I'm the attorney for the government. May it please the court. We don't believe that an Ammaline remand would make any sense. Why not? It was a little quirky time period, and it was before Ammaline gave a direction, and the direction is you're supposed to hear from the lawyer, and he didn't. So why is he going to do it again? Well, in this instance, the judge clearly indicated that he knew that as a result of Booker that the guidelines were advisory. Well, for example, there may have been some evidence that they didn't put on earlier that they can now ask to put on. They'd say if you gave us a hearing, we would now show you X, Y, and Z. That wasn't pertinent before. I don't know how things could have changed. The same, you know— But the standards changed. They were previously going under the mandatory guidelines, and now they're not. So now it might be pertinent that he has a wonderful family, that he's a sick mother that he's supporting, and it wasn't before. Really, as I understand, Your Honor, the effect of Booker was just to change the guidelines from being mandatory to advisory. Do you have Ammaline handy? A copy of Ammaline? I frankly don't remember that counsel gets to be heard before the judge decides whether he would have done anything different had he known the guidelines were advisory. I need to check that out, but if you've already done the work, then you can do it for me. I believe I have a copy, ma'am, just briefly. If you have it handy, just read the words to us. I believe it's in my briefcase. Well, I don't want to take up all your time. Page 1085. It says, Go ahead, counsel. Yes. As I understand the Ammaline remand procedure, that should only be done in situations where the court made a Booker-type error by believing that the guidelines were mandatory rather than advisory. The judge, in his minute order, clearly indicated that he applied the guidelines as suggested by Booker and found that his sentence was the same. So it doesn't, until your answer to that question is yes, could the result have been different, there's really no need to even have a remand hearing under the Ammaline procedure. That's my understanding. And in this case, the judge did the functional equivalent of an Ammaline remand prior to Ammaline 3. How could we review what he did for reasonableness under Ammaline? He didn't tell us anything about why he thought the guideline sentence was still okay. I mean, I thought you were going to say, fine, of course that's right, because it seems to me it is, but if it's not right, then we have to review this sentence for reasonableness now under Booker and Ammaline, and he didn't give us anything. Well, the guideline sentence in this case was 30 to 37 months, and he did choose the low end of the guidelines, the judge, and that was the same sentence he reimposed at the end. I was going to briefly address the Arthur Anderson case, if Your Honors are interested in that. We don't believe that it's really applicable in this case, because that statute is much more complicated than the Section 287 that's at issue in this case, which contains the obstruction of justice statute contains fairly complicated modifiers, such as whoever knowingly, corruptly persuades another person to do something, which in that case just basically had to do with shredding documents of Enron. That's, I believe, the first way in which this case is distinguished from Arthur Anderson, and secondly, I would, the government would also mention that in looking at the cases that have cited Arthur Anderson, we're not aware of any courts that have applied its specific holdings to a case outside of the obstruction of justice context or, let's say, official corruption context, such as bribery. It just hasn't even been mentioned in the Section 287 case. Did the statute in that case say corruptly? Corruptly, yes, it did, Your Honor. It doesn't corruptly. I mean, wasn't the point that corruptly applies knowing it was illegal? Yes, it has a certain connotation associated with wrongful or immoral conduct. Right. And because, you know, the argument of Arthur Anderson was because they simply were carrying out a document retention policy of Arthur Anderson that, you know, that did not require any finding of dishonesty for the jury to convict. And the Supreme Court agreed with that position. Another way in which the Supreme Court imposed a requirement of knowledge of unlawfulness. In Arthur Anderson? Well, yes, because the statute refers to knowingly and dishonestly. I believe it did. Let me see here. No, that's my understanding. Yes, it's whoever knowingly and then corruptly persuades another person with intent to cause or induce any person to withhold a record, document, or other object from an official proceeding or alter, destroy, mutilate, or conceal an object, et cetera, shall be fined or imprisoned. So, yes, that did require an element of knowingly as well. In this case, though, we believe that based on the jury instructions that were given, that the jury had to find that the claim was either false, fictitious, or fraudulent, and that the defendant must have known about that at the time. And so it seems to the government that there's no way that the jury would have convicted Mr. Green had it credited his defense. And he was also able to argue his defense in the closing argument and also present it through Mr. Green's testimony. So we don't really see how it would have made any difference to have given a good faith instruction. And also I think just the facts of the case, if you look at the actual returns in question, you can look at the returns on their face and, you know, they just ooze with fictitiousness, let us say. Do I have this right that what the defendant would do is get a name and social security number and then he'd make up an entirely fictional Schedule C with no questions to the non-taxpayer, no answers by the non-taxpayer, just make it up? That's right. That's right. And there was a self-employed cashier. He did a Schedule C so that there didn't need to be a W-2. Right. Correct, Your Honor. And there were certain occupations that were just impossible occupations, as we pointed out in our briefs, such as self-employed cashier. There was a self-employed clerk, I believe. You know, those are the two that come to mind most readily. You don't even have to get there, though. The evidence is he just made these things up with nothing but a name and social security number, right? Yes, and he needed more than one social security number. He needed the social security numbers of the dependent children as well. Let me take you back a minute to this issue that Judge Berzon was asking you about. She showed me an amyline where we say we agree with the Second Circuit that counsel ought to be heard on the first decision. Now, there are two decisions on an amyline remand. The first is, would the judge have given the same sentence had he known that the guidelines were merely advisory? That is not a resentencing. That's just a look back at the sentence that he gave. The second, if he says yes, you're done. If he says no, you go to the second decision. That's a resentencing. The defendant is brought back into court and it's a whole resentencing. Then he could get evidence on whether he's supporting his sick mother and he's turned into a really good guy and all this. But you wouldn't get to the second decision where you do a resentencing unless the first one was answered no. Now, the judge very plainly answered the first question no. He said he wouldn't have done anything different. Pursuant to USA v. Booker, the court considered the sentencing guidelines as suggested in this action. The sentence is reaffirmed as imposed. So he just answered the first question. Amyline says he's supposed to get the views of counsel, at least in writing, before answering that first question. He didn't. How would it matter? How might it matter? What might counsel say that would matter? I guess I'm affected a little bit by knowing who the judge is, but I'm trying to figure it out logically. What do you do besides bring it to the judge's attention? You know, to tell you the truth, Your Honor, I don't know what additional evidence or arguments could have been made. We don't get evidence because it's not a resentencing. You're just saying to the judge if you'd – I would think that if you had a transcript where he said, boy, I really hate to do this, but the guidelines require me to, then you'd quote that part of the transcript back to him and say, here's what you said. I can't think of much else. What is there? I don't – I have no idea. We have very extensive sentencing briefs, pre-sentencing briefs. So back to what I said before. Yes, Your Honor. Couldn't you in the brief say, Judge, I didn't bring the following to your attention, which I – and I have some affidavits attached here because it wasn't pertinent under the prior scheme. But under the current scheme, if you have a hearing and I'm resentencing, I will submit the following sort of as a motion to reopen or something like that. And here are the declarations of what people will say. No? That's not possible? I don't know how a change in procedural law would affect a person's strategy with regard to introduction of evidence. If the rule previously was that it was mandatory to do X, therefore, there was no reason putting out a case about Y. No? I'm not sure if I quite follow you, Your Honor. If the guidelines said if X, Y, and Z is the case, the sentence is Z, then there was no point in having – putting on evidence about something that didn't go to A, B, and C because it wouldn't have made any difference. Now we know that all of the three, five, five, three A factors are relevant and that some things that might have been expressly not relevant under the guidelines may be relevant. Now, this is all conceptual, of course. I have no idea if it applies to this case. But conceptually, there are different sets of facts that might be pertinent now that weren't pertinent before. I understand your question, Your Honor. I believe the best way to answer it is just to refer to the record, the excerpts of record, where the parties' various positions regarding the sentencing are set forth because the defendant made a very complicated argument. I felt a very detailed response as to why he wasn't entitled to a downward departure when that was still the term that was in use. Your answer is conceptually I may be correct, but it's not true in this case. Is that what you're saying? Yes, I believe it is, Your Honor. I would refer you to Numbers 6, 7, and 8 of the excerpts of record, pages 111 through 147, where the parties' sentencing briefs are filed. As I recall, Mr. Green had a number of reasons as to why he thought he was entitled to departure. One of them was due to his age. I believe he maybe had a diabetes condition as well. And there were various other... Well, there's an example. I may be wrong about this, but didn't the guidelines say that age is not a factor? May not be a factor? Don't the guidelines say that? I believe that they did, Your Honor. Okay. And isn't it true that now it could be a factor? Yes, it could be now. All right. So there's a reason to have a hearing. Have a brief. Well, he did. The point, however, Your Honor, is he did argue his age was a factor. But he argued it wrongly because it wasn't pertinent. Now he can come back and say, Judge, you probably rejected my age or you may have rejected my age contention because the guidelines said you had to. You probably didn't because that's what the guidelines said you had to do. Now you no longer have to do that, so I ask you to consider now my age. That argument was not made because he had no chance to make it, right? Well, I believe they made the argument anyway, Your Honor. Was age a prohibited basis for departure or did the guidelines just say it's ordinarily not a basis for departure? I believe it was a discouraged factor as opposed to a prohibited factor. So he was free to make the argument? Correct. He was free to make the argument. I'm trying to think what argument he wouldn't have been able to make except a prohibited basis like, I'm white, so you shouldn't give me a harsh sentence. I don't really know. I don't understand what else he could have argued. I see my time is up. Thank you, Your Honor. Thank you, counsel. I think we went over. If you need to refute something, why don't we give you 30 seconds? Thank you, Your Honor. Here's an example. Mr. Green is a vet with an honorable discharge. That was a factor that wasn't, you couldn't use that to get a reduction in any kind at sentencing. Now you can. The court has discretion to use it. And the last thing is. Did he have that in his sentencing briefs, your argument? He mentioned that he was a vet. So he did argue it. He mentioned it, but he couldn't argue it because it was a prohibited factor. Now it no longer is. And then Mr. Stack said there's no cases addressing Anderson other than that kind of obstruction of justice. If the court would look at the United States v. Dobson, which is 419F3, 231. It's a Third Circuit case. It's a mail fraud case in which the court said the instruction on the meaning of intent of the fraud, again, correct as far as it went, which was the point I made earlier today, failed to inform the jury that a guilty conviction required culpable participation and cited Arthur Anderson. So at least there's one case in which another court found that in a mail fraud that Arthur Anderson requires culpable participation. Thank you. Thank you, counsel. United States v. Green is submitted.
judges: Canby, Kleinfeld, Berzon